## JAMES v. COE.

(City Court of New York, General Term.   January 3, 1900.)

1. LANDLORD AND TENANT—ACTION FOR RENT.
    Where a landlord, before a lease expires, the original tenant desiring to surrender, makes a new lease of the premises to another on the condition that such original tenant becomes a surety thereon, he cannot recover on the original lease.
2. WRITTEN INSTRUMENT—VARIANCE BY PAROL EVIDENCE.
    Parol evidence to vary the terms of a written instrument is inadmissible.

Appeal from trial term.

Action by one James against one Coe for rent.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before O'DWYER and HASCALL, JJ.

Cowen, Wing, Putnam & Burlingham, for appellant.

Greene & Stotesbury, for respondent.

HASCALL, J.   This is an appeal from a judgment entered upon verdict directed by the court.   It appears that appellant had been a tenant of respondent under written lease; that, before his term expired, defendant, owing to the death of his wife, desired to sublet or surrender possession, and, incidentally, to sell his furniture; that respondent's agent obtained a tenant,—one Weimar, —to whom the premises were subsequently let, not as to a sub-tenant of appellant, but under a new and original lease, it having been arranged also that plaintiff, who was not satisfied of the new tenant's financial responsibility, would make the new lease for himself to Weimar only on condition that appellant, the tenant surrendering, would then become surety upon the lease to secure payment of the rent reserved, and also obtain another surety to join with him thereon.   This was done, and one Watts also signed the new lease as surety.   Upon the trial, respondent sought to recover, as he had declared, upon his original lease to appellant, contending that the letting to Weimar was only at appellant's request, and was understood, and was, to be only a subletting.   Thereupon, at the conclusion of the evidence on both sides, a verdict was directed in favor of the respondent.   This was error.   The testimony clearly shows a surrender to the landlord, a new contract with a new tenant, and a new contract with the old,—that of becoming a surety. Either appellant should have a dismissal of the complaint on the ground that the alleged cause of action had not been proven, or have had a verdict directed in his favor upon the whole case.

Exceptions were duly and properly made by appellant, and, without discussing in extenso the various propositions presented upon the briefs of counsel, it is sufficient to say that the one fault of permitting the introduction of parol evidence of negotiations had prior to the signing of the written agreement alluded to, and with the purpose of varying its terms, would, of itself, suffice to sustain a reversal.   Moreover, we think that plaintiff has mistaken his remedy.

Judgment reversed, and new trial ordered, with costs and disbursements to appellant to abide the event.

O'DWYER, J., concurs.